UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUL 1 0 2008

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGE DOW   MAGISTRATE JUDGE JEFFREY COLE |
| v. | No. |
| ROBERTO CALLERIO | Violation: Title 26, United States Code, Sections 7206(1) and 7206(2) |

08 CR 545

MAGISTRATE JUDGE KEYS

**COUNT ONE**

The SPECIAL JUNE 2007 GRAND JURY charges:

1. At times material to this indictment:

    a. ROBERTO CALLERIO maintained personal residences in Southampton, New York and New York, New York, and employed an income tax return preparer located in Northbrook, Illinois.

    b. ROBERTO CALLERIO was the 100% shareholder of the Hailey Fairbanks Industries, Inc. ("Hailey") and NCSI Company, Inc. ("NCSI"), and a minority share partner in Universal Training Services, LLC ("UTS"), with the majority partner a family member. CALLERIO, in conjunction with Hailey and NCSI, bought, managed, constructed and sold factories.

    c. Hailey and NCSI were Subchapter C corporations for federal income tax purposes and were required to file a United States Corporate Income Tax Return Form 1120 following the close of each year with the Internal Revenue Service. Hailey and NCSI were required to accurately report their deductible expenses and losses, among other information, on the Form 1120. UTS was a limited liability company for federal income tax purposes and was required to file a United States Partnership Income Tax Return Form 1065 following the close of each year with the Internal Revenue Service. UTS was required to accurately report its deductible expenses and losses, among other information, on the Form 1065.

d. ROBERTO CALLERIO was required to file a United States Personal Income Tax Return Form 1040 following the close of each year with the Internal Revenue Service. CALLERIO was required to accurately report his income and deductible expenses, including those of his jointly filing spouse, among other information, on the Form 1040.

e. CALLERIO employed an income tax preparer located in Northbrook, Illinois.

2. In 2000, CALLERIO, in his personal capacity, entered into a contract to purchase a home located at 969 Fifth Avenue, New York, New York and paid an $800,000 deposit on the home. When that purchase did not take place, pursuant to the terms of the contract, CALLERIO lost $700,000 of that deposit.

3. On or about July 15, 2002, in the Northern District of Illinois, Eastern Division, and elsewhere,

ROBERTO CALLERIO,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a U.S. Corporate Income Tax Return (Form 1120 with schedules and attachments) for Hailey for the fiscal year 2001, which return was verified by a written declaration by defendant that it was made under the penalties of perjury, and filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that:

(a) it was falsely stated on Form 4797, Sales of Business Property, of said return that defendant had sold a commercial property at 969 Fifth Avenue, New York, New York, for $7.3 million, and sustained a loss of $700,000. In fact, as the defendant then and there well knew and believed, (i) the property was not commercial property of Hailey, but rather was intended for defendant's personal use, and (ii) he did not sell it, but rather lost $700,000 of the funds paid as a deposit on the purchase of the home; and

(b) it was falsely stated by inclusion on Form 1120, line 26, of said return that defendant was entitled to a $29,000 business expense related to a $29,000 payment to

Lavero, Inc. In fact, as the defendant then and there well knew and believed, that payment was for the development of plans for renovation of defendant's personal residence in Southampton, New York, and was not a business expense of Hailey;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT TWO

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The grand jury realleges and incorporates by reference paragraph 1 of Count One of this indictment.

2. On or about July 15, 2003, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ROBERTO CALLERIO,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a U.S. Corporate Income Tax Return (Form 1120 with schedules and attachments) for Hailey for the fiscal year 2002, which return was verified by a written declaration by defendant that it was made under the penalties of perjury, and filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that it was falsely stated:

(a) on line 27 of said return that Hailey was entitled to total deductions in the amount of $3,081,742, when as defendant then and there well knew and believed, that amount fraudulently included personal expenses in the amount of $769,238.95;

(b) on Form 4562 of said return that Hailey had depreciation in the amount of $269,109, when as defendant then and there well knew and believed, that amount fraudulently included depreciation of personal assets and residence in the amount of $211,227.73; and

(c) on line 26 of said return that Hailey had incurred other deductions totaling $1,041,678, when as defendant then and there well knew and believed, the deductions fraudulently included a false and fraudulent deduction of $95,000 for funds transferred to UTS in the amount of $95,000;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT THREE

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The grand jury realleges and incorporates by reference paragraph 1 of Count One of this indictment.

2. On or about March 10, 2004, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ROBERTO CALLERIO,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a U.S. Corporate Income Tax Return (Form 1120 with schedules and attachments) for NCSI for the calendar year 2003, which return was verified by a written declaration by defendant that it was made under the penalties of perjury, and filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that it was falsely stated on line 26 of Form 1120 that NCSI was entitled to a $95,000 professional consulting fee expense when, in fact, as the defendant then and there well knew and believed, that claimed expense was a transfer of funds to UTS which was then used to pay personal expenses of the defendant, that is, the maintenance of defendant's pet horses;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT FOUR

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The grand jury realleges and incorporates by reference paragraph 1 of Count One of this indictment.

2. On or about April 15, 2003, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ROBERTO CALLERIO,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments) for the calendar year 2002, which return was verified by a written declaration that it was made under the penalties of perjury, and filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that:

(a) it was falsely stated in line 31 of said return that defendant and his wife were entitled to adjustments to gross income totaling $64,599 based on two self-employed pension plans when in fact, as the defendant then and there well knew and believed, his wife was not employed and therefore was not entitled to a deduction for any self-employed pension plan; and

(b) it was falsely stated in line 22 of said return that defendant earned $432,653 in total income when in fact, as the defendant then and there well knew and believed, he failed to include additional gross income on that line or anywhere else on the return, in the amount of $29,000, which represented corporate funds of Hailey used to pay personal expenses of the defendant, that is, renovation expenses of defendant's personal residence in Southampton, New York;

In violation of Title 26, United States Code, Section 7206(1).

## **COUNT FIVE**

The SPECIAL JUNE 2007 GRAND JURY further charges:

1.　The grand jury realleges and incorporates by reference paragraph 1 of Count One of this indictment.

2.　On or about April 15, 2004, in the Northern District of Illinois, Eastern Division, and elsewhere,

ROBERTO CALLERIO,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments) for the calendar year 2003, which return was verified by a written declaration that it was made under the penalties of perjury, and filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that:

(a) it was falsely stated in line 30 of said return that defendant and his wife were entitled to adjustments to gross income totaling $80,000 based on two self-employed pension plans when in fact, as the defendant then and there well knew and believed, his wife was not employed and therefore was not entitled to a deduction for any self-employed pension plan; and

(b) it was falsely stated in line 22 of said return that defendant earned $1,712,283 in total income when in fact, as the defendant then and there well knew and believed, he failed to include additional gross income on that line or anywhere else on the return, in an amount totaling $1,265,467, which included $190,000 of corporate funds of Hailey and NCSI used to pay personal expenses of the defendant for the maintenance of defendant's pet horses, and $1,075,467 for other personal expenses of the defendant;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT SIX

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The grand jury realleges and incorporates by reference paragraph 1 of Count One of this indictment.

2. On or about March 11, 2004, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ROBERTO CALLERIO,

defendant herein, willfully aided and assisted in the preparation and presentation to the Internal Revenue Service a U.S. Return of Partnership Income Form 1065 for and on behalf of UTS for tax year 2003, which return was false and fraudulent as to material matters contained therein, in that defendant caused to be falsely represented and stated on line 1a of said return that UTS earned $255,000 in gross receipts in 2003, whereas defendant knew that such information was false and fraudulent in that, as defendant well knew, the $255,000 was not income generated by any business or partnership activity of UTS, but represented transfers of corporate funds from Hailey to UTS which were then used, in the amount of approximately $177,000, to pay the personal expenses of the defendant;

In violation of Title 26, United States Code, Section 7206(2).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY